| | | | |
|---|---|---|---|
| Case No. | CV 16-6490-DMG<br>1:14-ap-01098-MB<br>1:14-bk-10668-MB | Date | June 7, 2017 |

| | | | |
|---|---|---|---|
| Title | *In Re: Remon Younany and Jasmin Khachtourian* | Page | 1 of 7 |

Present: The Honorable  **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER AFFIRMING BANKRUPTCY COURT'S JUDGMENT FOLLOWING TRIAL**

## I.
## PROCEDURAL BACKGROUND

On August 29, 2016, *pro se* Appellant Satish Shetty filed a notice of appeal of the Bankruptcy Court's judgment in favor of Remon Younany and Jasmin Khachtourian following trial. [Doc. # 1.] On October 5, 2016, the Court received notice that the bankruptcy record was complete. [Doc. # 10.]

On December 5, 2016, Shetty filed his opening brief. (Appellant's Opening Brief ("AOB") [Doc. # 15].) On January 9, 2017, Appellees Younany and Khachtourian filed their reply brief. (Appellees' Answering Brief [Doc. # 16].)[1] On January 25, 2017, Shetty filed his reply brief. (Appellant's Reply Brief [Doc. # 17].)

The Court has considered the papers filed in support of and in opposition to the appeal and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's judgment.

## II.
## FACTUAL BACKGROUND

Younany and Khachtourian owned Harbor Petroleum, Inc. ("Harbor Petroleum" or "the Business"), which operated an ARCO gas station located at 2124 Harbor Boulevard, Ventura,

---

[1] This filing is labeled as "Respondents' Opening Brief," which the Court construes as an Answering Brief.

California 93001. (Appendix to AOB ("AAOB") at 72[2] [Doc. # 15]; *id.* at 119-20, 126, 181 [Doc. # 15-1].)

Azi and Ali Kavehpour agreed to purchase interests in Harbor Petroleum in January 2012 and tendered to Younany and Khachtourian checks totaling $183,000. (*Id.* at 186-87 [Doc. # 15-1].) Azi Kavehpour claims that Younany represented during negotiations that the Business was "free and clear" with no liabilities, when, in fact, it had a delinquent loan that exceeded $600,000. (*Id.* at 187.) Azi Kavehpour further claims that no interest was conveyed to her or to Ali because the Business' petroleum distribution license and franchise agreements prohibited the transfer of such interests. (*Id.* at 187-88.)

Gary Yannalfo agreed to invest in Harbor Petroleum in exchange for ownership interest, and tendered at least $87,000 to Younany between January and May 2013. (*Id.* at 183, 190-91.) Yannalfo claims that he entered into this agreement after Younany represented that the Business was solvent. (*Id.* at 190.) After learning that the Business had serious financial problems and would lose its franchise agreement with ARCO, however, Yannalfo stopped tendering money to Younany. (*Id.* at 191.)

In late 2013 or early 2014, the Kavehpours and Yannalfo assigned their claims to Shetty. (*Id.* at 81 [Doc. # 15]; *id.* at 181, 191 [Doc. # 15-1].) On February 10, 2014, Younany and Khachtourian filed a joint petition for Chapter 7 Bankruptcy. (*Id.* at 155-61 [Doc. # 15-1]; [Bankruptcy Docket, 1:14-bk-10668-MB, Doc. # 1].)

On May 16, 2014, Shetty commenced adversary proceedings against Younany and Khachtourian, alleging that the debts owed to him are ineligible for discharge under the following code sections: (1) 11 U.S.C. § 523(a)(2) (no discharge if debt is obtained by "false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*") (emphasis added); § 523(a)(6) (no discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity"); § 727(a)(4)(A) (no discharge if "debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account"); and § 727(a)(5) (no discharge if "debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities"). (Complaint [Adversary Proceeding ("AP") Doc. # 1].)

---

[2] Page references are to the page numbers inserted in the header of the document upon filing in the CM/ECF filing system.

On June 11, 2014, Shetty filed an amended complaint. [AP Doc. # 3.] On July 16, 2014, two days after the deadline for filing a written response, Younany and Khachtourian filed an answer. [AP Doc. # 7.] On September 2, 2014, Shetty filed a request for entry of default. [AP Doc. # 10.] On September 5, 2014, the Clerk of Court declined to enter a default because, among other things, an answer was ultimately filed. [AP Doc. # 12.] On September 16, 2014, Shetty filed another request for entry of default, which the Clerk of Court again denied. [AP Doc. ## 15, 17.] On September 16, 2014, Shetty filed a motion for default judgment. [AP Doc. # 18.] The Bankruptcy Court did not rule on the motion.

On September 29, 2014, Shetty filed a motion to strike all affirmative defenses from the answer. [AP Doc. # 25.] The Bankruptcy Court granted this motion, ordering Younany and Khachtourian to file an amended answer by November 26, 2014. [AP Doc. # 32.] Younany and Khachtourian filed an amended answer on November 19, 2014. [AP Doc. # 33.] On December 9, 2014, Shetty filed a motion to strike the amended answer and a request for default judgment. [AP Doc. # 36.] On April 6, 2015, the case was reassigned from Judge Alan Ahart to Judge Martin Barash. [AP Doc. # 42.] The Bankruptcy Court did not rule on the motion to strike and request for default judgment.

On February 22, 2016, the Bankruptcy Court adopted with modification the parties' Pre-Trial Stipulation as the Pre-Trial Order. [AP Doc. ## 63, 80.] The Pre-Trial Stipulation and the Pre-Trial Order state as follows: "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice." (*Id.* at 7.) On March 18, 2016, the Bankruptcy Court issued a scheduling order setting the trial for April 22, 2016 and ordering direct testimony of all parties and witnesses to be presented by declaration. [AP Doc. # 82.]

On March 25, 2016, Shetty lodged the transcript of Younany's deposition, taken on October 7, 2015. [AP Doc. # 83.]

On April 22, 2016, trial was held. (*Id.* at 195-209 [Doc. # 15-1]; *id.* at 1-20 [Doc. # 15-2].) The Bankruptcy Court refused to admit into evidence Younany's deposition transcript, which was designated to be used for impeachment only, because Younany did not appear at trial and therefore was not subject to impeachment. (*Id.* at 8 [Doc. # 15-2].)

　　　　On August 11, 2016, the Bankruptcy Court issued its Judgment and Memorandum of Decision. [AP Doc. ## 91, 92.] Judgment was entered in favor of Younany and Khachtourian on Shetty's claims under 11 U.S.C. sections 523(a)(2) and 523(a)(6). (*Id.*) The Bankruptcy Court based its decision on the following findings: (1) Younany's alleged representations were statements respecting the debtor's financial condition, which the relevant code section expressly exempts, (2) Shetty failed to demonstrate that Younany knew that the Business' petroleum distribution license and franchise agreements prohibited the transfer of interests in the gas station, (3) Shetty failed to demonstrate that Younany and Khachtourian intended to deceive the Kavehpours and Yannalfo, and (4) Shetty failed to prove that the Business was insolvent or unprofitable at the time that Younany allegedly made representations about its financial condition. (Memorandum of Decision at 7-11 [AP Doc. # 92].)

　　　　Appellant's claims under 11 U.S.C. sections 727(a)(4)(A) and 727(a)(5) were deemed abandoned because the parties' Pre-Trial Stipulation failed to preserve them. (*Id.* at 4-5.)

### III.
### JURISDICTION

　　　　Appellate jurisdiction is proper here pursuant to Federal Rules of Bankruptcy Procedure Rule 8005 and 28 U.S.C. section 158(c)(1). Under Rule 8005, parties may elect to have an appeal heard by a district court instead of the Bankruptcy Appellate Panel. Fed. R. Bankr. P. 8005. Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a Bankruptcy Court order heard by a district court. 28 U.S.C. § 158(c)(1).

### IV.
### STANDARD OF REVIEW

　　　　A district court reviews *de novo* whether a Bankruptcy Court violated an individual's right to due process. *See In re Beaty*, 268 B.R. 839, 842 (9th Cir. B.A.P. 2001). A Bankruptcy Court's refusal to grant default judgment is reviewed for abuse of discretion. *DIRECTV v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). A Bankruptcy Court's evidentiary rulings are reviewed for abuse of discretion, and an exclusion of evidence should not be reversed absent prejudice. *Watec Co. v. Liu*, 403 F.3d 645, 650 n.3 (9th Cir. 2005).

"An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, [or] a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003).

Courts, however, ordinarily "decline to consider arguments raised for the first time on appeal." *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) (citing *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 n.4 (9th Cir. 2002)). "Such waiver is a discretionary, not jurisdictional, determination." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

## V.
## DISCUSSION

Appellant appeals the Bankruptcy Court's judgment on three grounds: the Bankruptcy Court (1) failed to rule on Appellant's motion to strike Appellees' answer; (2) failed to rule on Appellant's motion for default judgment; and (3) refused to admit into evidence Younany's deposition transcript at trial.

**A.     Motion to Strike**

Appellant claims that the Bankruptcy Court's failure to rule on his motion to strike Appellees' answer to the amended complaint amounts to "a virtual denial of due process by the court." (AOB at 22.)

*De novo* review of Appellant's due process claim is unnecessary here, however, because the issue is deemed waived. Nothing in the record indicates that Appellant sought a ruling on the motion from the Bankruptcy Court before or during trial. In fact, Appellant did the opposite. The parties' Pre-Trial Stipulation, adopted by the Bankruptcy Court as the Pre-Trial Order, states that the order "supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice." (Pre-Trial Stipulation at 7 [AP Doc. # 63].) The Pre-Trial Stipulation makes no mention of Appellant's challenges to Appellees' answer. *See DP Aviation v. Smiths Indus. Aero. & Def. Sys.*, 268 F.3d 829, 842 n.8 (9th Cir. 2001) ("[a] pretrial order generally supersedes the pleadings, and the parties are bound by its contents") (quoting *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993)); *see also Wu v. Doucette*, 2010 WL 1444505, at *8 (C.D. Cal. Apr. 8, 2010) (failure to raise argument in pretrial order constitutes waiver).

Moreover, the Bankruptcy Court's failure to rule on the motion to strike did not prejudice Appellant in any way because Appellees did not rely at trial on the affirmative defenses that Appellant sought to strike. Appellees noted simply that Appellant failed to carry the burden of proving his claims by a preponderance of the evidence. (AAOB at 15-16 [Doc. # 15-2].)

**B.　　Motion for Default Judgment**

Appellant argues that the Bankruptcy Court erred in failing to rule on his motion for default judgment after Appellees were late in filing their answer. (AOB at 27-33.) The Court deems this issue waived. Not only did Appellant fail to seek a ruling on his motion before trial, he entered into a Pre-Trial Stipulation which superseded all prior pleadings. [AP Doc. # 63.]

A review of the substance of Appellant's claim does not compel a different result. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process, consisting of: (1) seeking the Clerk of Court's entry of default, and (2) filing a motion for default judgment. *Eitel*, 782 F.2d at 1471. Here, the Clerk of Court refused to enter a default because Appellees eventually filed their answer, albeit two days late. [AP Doc. ## 12, 17.] Because Appellant did not obtain an entry of default (or successfully seek review of the clerk's failure to enter default) before filing his motion for default judgment, his motion was improperly before the Bankruptcy Court. *See e.g. Leubner v. Cnty. of San Joaquin,* 2012 WL 530192, at *1 (E.D. Cal. Feb. 17, 2012) ("In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered.").

**C.　　Exclusion of Younany's Deposition Transcript at Trial**

Appellant claims that the Bankruptcy Court erred in refusing to allow him to introduce Younany's deposition transcript at trial in lieu of live testimony when Younany failed to appear. (AOB at 34-36.)

The Court disagrees. First, the transcript was designated to be used for impeachment only. (AAOB at 209 [Doc. # 15-1].) The transcript was properly excluded because no impeachment could take place given Younany's absence at trial. Second, "[t]o reverse on the basis of an erroneous evidentiary ruling, [a reviewing court] must conclude not only that the bankruptcy court abused its discretion, but also that the error was prejudicial." *In re Slatkin*, 525

F.3d 805, 811 (9th Cir. 2008)); *see also In re First Alliance Mortg. Co.*, 471 F.3d 977, 999-1000 (9th Cir. 2006) (citing *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 513 (9th Cir. 1989)) ("[Evidentiary] rulings will be reversed only if the error more likely than not affected the verdict."). Younany's answers to deposition questions consisted mainly of his lack of memory and denial of knowledge regarding the transactions at issue. Thus, even if the deposition transcript had been admitted, it is highly unlikely to have influenced the Bankruptcy Court's decision.

## VI.
## CONCLUSION

In light of the foregoing, the judgment of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**.


cc: Bankruptcy Court